UNITED STATES DISTRICT COURT        O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MELISSA MARTINEZ | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. L-09-133 |
| | § | CRIMINAL CASE NO. L-07-1311-1 |
| UNITED STATES OF AMERICA | § | |

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is Petitioner Melissa Martinez's ("Martinez") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  [Dkt. No. 1].[1]  Upon review of the motion, the record, and the governing authorities, Martinez's motion is **DISMISSED with prejudiced**.

**I.      BACKGROUND**

On September 25, 2007, a federal grand jury in Laredo, TX, returned a two-count indictment against Martinez in criminal case number L-07-1311-1.  [Cr. Dkt. No. 8].  Martinez was charged with possession with intent to distribute in excess of five kilograms of cocaine, as well as importation into the United States of America from the Republic of Mexico of a Schedule II controlled substance.  [*Id*.].  Martinez decided to forego trial and entered into a plea agreement, then subsequently pled guilty to Count One of the indictment before United States Magistrate Judge Adriana Arce-Flores ("Judge Arce-Flores").  [Minute Entry of November 6, 2007].  Count One charged that Martinez knowingly and intentionally possessed with intent to distribute in excess of five kilograms of cocaine, a Schedule II, controlled substance, in violation

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in civil case number 5:09-133.  Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:07-1311-1.

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  [Cr. Dkt. No. 8].

Pursuant to the terms of her plea agreement, Martinez agreed to waive her right to appeal and/or collaterally attack her resulting conviction and sentence.  In pertinent part, her plea agreement provides as follows:

> In exchange for the concessions made by the Government in this agreement, the Defendant expressly waives the right to contest and/or appeal, **either directly or collaterally**, his/her guilty plea, conviction, sentence, and/or detention by means of **ANY** post-conviction proceeding whatsoever.  **Such waiver expressly includes, and Defendant expressly agrees not to file, ANY DIRECT and/or COLLATERAL attacks on Defendant's guilty plea, conviction, sentence, and/or detention pursuant to any statute, law, procedure, or Constitutional provision whatsoever, including, without limitation, Title 18, U.S.C. § 3742 and Title 28, U.S.C. § 2255.**

> In waiving those rights, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  Understanding this, Defendant agrees to waive the right to "collaterally attack" his/her conviction and/or sentence in any manner whatsoever, including Title 28, U.S.C. § 2255.

[Cr. Dkt. No. 16, ¶ 10].

Thereafter, this Court sentenced Martinez to a term of 108 months imprisonment, in addition to five years of supervised release, and also ordered her to pay a $100 assessment.  [Minute Entry of November 24, 2008 & Cr. Dkt. No. 37].  Judgment was subsequently entered on November 25, 2008.  [Cr. Dkt. No. 37].

On November 30, 2009, Martinez filed the pending Motion to Vacate, Set Aside, or Correct Sentence.  [Dkt. No. 1].  In her Motion, Martinez presents four grounds for relief, two of which are premised on a claim of ineffective assistance of counsel.  [*Id.*, unnumbered p. 4].  First, Martinez avers that her attorney "did not explain in details (sic) possibilities of departure on guideline provisions."  [*Id.*].  Second, she avers that her attorney "was not present with [her] when [she] did [her] PSI."  [*Id.*, unnumbered p. 5].  Third, Martinez appears to suggest that the

Court erred in determining her sentence under the United States Sentencing Guidelines.  [*Id.*, unnumbered p. 7].  Finally, she asserts that she did not understand her rights under her plea agreement.  [*Id.*, unnumbered p. 8].

## II.   DISCUSSION

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).   Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).  After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2255, PROC. R. 4(b).

Martinez alleges ineffective assistance of counsel, a wrong of constitutional proportion, which is proper in a motion under 28 U.S.C. § 2255.  The Court must first determine, however, whether her claim is foreclosed by the waiver of her right to collaterally attack her conviction and sentence.

It is well-established that a defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary.  *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing

plea agreements."); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997).   A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement."  *Bond*, 414 F.3d at 544.  A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence.  *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court.").  In limited circumstances, a defendant may plead around a waiver and claim ineffective assistance of counsel if he alleges that the waiver itself was tainted by counsel's ineffective assistance.  *White*, 307 F.3d at 339-43.

In this case, Martinez asserts that she did not fully understand her rights under the plea agreement.  [Dkt. No. 1, unnumbered p. 8].  But a review of her re-arraignment hearing shows that this argument is without merit.  As noted by the Fifth Circuit, Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."  *United States v. Garcia*, 983 F.2d 625, 627 (5th Cir. 1993).  Moreover, the requirement that a waiver be knowing and voluntary is not a requirement that a court ensure that the defendant's knowledge is perfect; rather, a court "must only ascertain whether the defendant has a realistic or reasonable understanding of his plea."  *Boyd*, 2007 WL 900949, at *4 (citing *United States v. Ruiz*, 536 U.S. 622, 631 (2002); *Gracia*, 983 F.2d at 627-28)).

During the re-arraignment, Martinez affirmed under oath that she reviewed her plea agreement with her attorney and signed it.  [Digital Recording of November 6, 2007 Re-

arraignment ("R.Rec.") at 10:51 a.m.].  Next, Judge Acre-Flores reiterated that, under the plea agreement, Martinez was waiving her right to appeal in exchange for the Government's agreement to ask for an additional reduction of her offense level.  [R.Rec. 10:54 a.m.].  In response, Martinez affirmed that she had entered into this agreement.  [*Id*.].  Also, Martinez signed her plea agreement, and thereby acknowledged that she reviewed it with her attorney and understood its terms, including the provisions in paragraph ten that she was aware of her waiver of rights, including the right to collaterally attack her sentence after it became final, and that she agreed to waive her right to collaterally attack her sentence.  [Cr. Dkt. No. 16, ¶ 10].

Judge Arce-Flores did not emphasize that Martinez had also waived all rights to collaterally attack her conviction and sentence, yet at no point did Martinez provide any indication that she did not knowingly and voluntarily waive such rights.  *Cf. United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam).  Additionally, a waiver need not be explicitly explained to the defendant.  Rather, on the whole, "the voluntary and intelligent nature of the plea" must appear on the face of the record.  *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir.), *cert. denied*, 488 U.S. 838 (1988); *Bond*, 414 F.3d at 544 (holding that where the defendant indicated that he read and understood the agreement, which included an "explicit, unambiguous waiver of appeal," such waiver was effective); *McKinney*, 406 F.3d at 746.

The Court finds that there is no doubt that Martinez's waiver of her right to appeal and collateral attack was "knowing and voluntary."  While Martinez asserts that she did not fully understand her rights under the plea agreement, this bare assertion does not overcome her sworn statements in open court, which carry a strong presumption of veracity.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea

colloquy." *United States v. Cothran*, 302 F.3d 279, 282-84 (5th Cir. 2002).  As a result, there is no basis to suggest that the plea was unknowing or invalid.

Moreover, as the well-reasoned opinion of the district court in *Boyd* explains, mere averments of an unknowing or involuntary waiver in a habeas corpus petition may not be sufficient to overcome the presumptions of regularity and truthfulness which inhere in official documents such as plea agreements, official records, and proceedings in open court—such as plea hearings.  *See* 2007 WL 900949, at *6 (discussing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974)).  Beyond her brief and conclusory assertion, Martinez has presented nothing which would tend to undermine these well-established presumptions.

Based upon a thorough review of the Rule 11 hearing and Martinez's signed plea agreement, the Court concludes that she knowingly and voluntarily waived her right to appeal and to collaterally attack her sentence and conviction.  *See Bond*, 414 F.3d at 544.  The Court next concludes that the terms of Martinez's plea agreement extend to the current motion.  *See id.* In no uncertain terms, Martinez validly agreed not to file a petition pursuant to 28 U.S.C. § 2255. Therefore, the Court may not consider the claims presented in her pending motion.

## III.    CONCLUSION

The Court concludes that Martinez is not entitled to the relief she seeks.  Therefore, her motion is **DISMISSED with prejudice**.  Additionally, should Martinez seek a certificate of

appealability, such is **DENIED**.  A separate final judgment shall issue.

IT IS SO ORDERED.

SIGNED this 8th day of February, 2010, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE